680 P.2d 172

**Dan J. LYONS and Bettina O'N Lyons, husband and wife, Plaintiffs/Appellants,**

v.

**Rene PHILIPPART and Patricia H. Philippart, husband and wife, Defendants/Appellees.**

**No. 2 CA–CIV 4802.**

Court of Appeals of Arizona, Division 2.

Nov. 30, 1983.

Review Denied March 6, 1984.

Feldman, Mendelsohn & Oseran, P.C. by Michael B. Mance and Richard Oseran, Tucson, for plaintiffs/appellants.

Russo, Cox, Dickerson, Butler & Russo, P.C. by Karl MacOmber, Tucson, for defendants/appellees.

OPINION

HATHAWAY, Judge.

Plaintiffs/appellants (sellers) were granted their motion for summary judgment on the issue of liability in this action for breach of contract for the purchase of real property. The issue of damages was tried to the court without a jury. Sellers contend that the trial court erred in not awarding consequential and incidental damages.

On August 16, 1980, the parties executed a deposit receipt and agreement for the purchase of real property owned by sellers and situated in Pima County. The buyers refused to close on November 14, 1980, the stipulated closing date. They explained that the closing did not take place because the sellers could not take their second mortgage for $29,600 as agreed in the contract. Sellers appear to accept this explanation.

The property was placed back on the market and sold about 10 months later for $180,000, $2,000 less than the purchase price agreed upon by the parties to this lawsuit. The trial court awarded sellers $3,000, $2,000 being the difference between the contract price and fair market value of the property, and $1,000 for attorneys fees.

Sellers argue on appeal that they should have been awarded interest on the pur-

chase price from the date agreed upon by the parties for closing until the property was sold, out-of-pocket costs incurred as a result of performance of their agreement to secure financing for buyers, reasonable rent for the period that the residence was off the market, duplicative brokerage commission, and payments made under the loan procured for the buyers. Buyers counter that sellers voluntarily limited their damages to the earnest money "pursuant to the contract" by instructing the escrow agent to send a 10-day compliance letter. Accordingly, the escrow agent sent the compliance letter and advised the buyers that failure to comply would result in forfeiture of the earnest money. Buyers then shrug off the argument in their brief with the following paragraph:

"The appellees [buyers] have argued from the start that that action was an election to accept the earnest money as liquidated damages. The case law supports the Appellants [sellers] position and is cited in their Motion for Summary Judgment which is adopted herein by this reference."

Adoption in buyers' [appellees] brief of "Appellants position" from their motion for summary judgment is unhelpful and unacceptable appellate advocacy. We find sellers' reply brief on this point equally unhelpful. The portion of the contract in question provides:

"If either party elects to cancel this agreement because of the failure of the other party to comply with all the terms and conditions of this agreement, the party so electing shall, after the expiration of the time periods as provided in A.R.S. 33-741, from date provided herein for closing, instruct escrow agent to cause to be delivered to the other party a written demand for compliance within ten days from time of receipt of said demand or ten days from the date said demand was deposited in United States mail (posting by certified mail of such demand, to the address herein indicated, shall constitute notice of the contents of the party addressed). If the addressed party then fails to comply within the stated period, the escrow agent shall pay to the party electing to cancel any earnest money deposited. Costs already incurred in closing and/or any obligation for brokerage fee may be deducted from the earnest money if the purchaser is a party in default. However, this agreement may be enforced by specific performance or other appropriate remedy."

It is undisputed that the sellers undertook to follow the procedure specified in the above portion of the contract. In their letter of instruction to the title company they stated:

"As per the terms outlined in the Town West Realty Inc., Deposit Receipt and Agreement dated 16th August, 1980, I hereby instruct Stewart Title and Trust Company to deliver a written demand for compliance. (A.R.S. 33-741) on the above transaction."

Thereafter, the title company notified the buyers:

"We have been informed by the Sellers of the above referenced escrow to notify you that you have 10 days from the date which this letter was deposited into the United States mail to comply with the terms and conditions of this escrow.

If you do not comply with these terms and conditions your earnest money will be forfeited to the Seller. If you have any questions regarding this transaction, please call our office at the above number."

An election was made to forfeit the earnest money and thereby cancel the contract. The election was made with specificity as to the forfeiture of the earnest money in the escrow agent's letter. The sellers have taken no action to deviate from the course specified in the letter and they are bound by the escrow agent, who acted as their agent, in the circumstances. Cf. *Hoover v. Nielson*, 110 Ariz. 329, 518 P.2d 990 (1974). Although the trial court arrived at the damages awarded on a different basis, we believe that the parties agreed to limit damages through the election by a party, not in default, pursuant to the contract

**38**

provision quoted. A provision for the forfeiture of earnest money on breach of a contract to purchase real estate has been held a stipulation for liquidated damages. *Parker v. Whistle,* 301 S.W.2d 445 (Ark. 1957); *Armstrong v. Irwin,* 26 Ariz. 1, 221 P. 222 (1923); see 25 C.J.S., Damages, § 113(4).

Affirmed.

HOWARD, C.J., and BIRDSALL, J., concur.